RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/22/08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| USA | : | CRIM ACTION NO: 08 CR 0009 |
| *VERSUS* | : | JUDGE HAIK |
| O'TERRELL BOUTTE, | : | MAGISTRATE JUDGE HILL |

*************************************************************************

### JUDGMENT

*************************************************************************

This matter was referred to the United States Magistrate Judge Michael Hill for his Report and Recommendation.

After a review of the entire record and the briefs of the parties, and pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966)., the Magistrate held that the motion to suppress filed by the defendant, O'Terrell Boutte, should be denied.

Plaintiff timely objected to the Magistrate's findings and proposed legal conclusions and requested that this Court grant his motion to suppress, suppressing all evidence and statements for use at trial.

After an independent review of the record, the applicable jurisprudence, and the objections filed by the Defendant, this Court will adopt the Findings and Recommendations of the Magistrate Judge for the following reasons:

(1) The evidence is uncontroverted that Deputy guy advised Boutte of his *Miranda* rights, and thereafter Boutte made a statement to Guy. There is no evidence of any coercion or overreaching by Guy. There is no allegation that Boutte did not fully understand his *Miranda* rights. Accordingly, the Court adopts the recommendation of the Magistrate Judge and finds he statement made by the defendant, Boutte, to

Page 1/5

Deputy Guy was free and voluntary, and made *after* Deputy Guy advised the defendant of his rights under *Miranda*.

(2) The defendant testified that the drugs found in the house were his. His testimony differed from the police officers; however, in that he testified that the powdered cocaine was located in a pantry, and that "cookies" of crack cocaine were located in a brown paper bag next to the couch on which he was seated at the time the bounty hunters knocked at his door. The Magistrate Judge found that the testimony of the police officers, on this issue, was more credible than that of the defendant. Further, it appeard clear to the Magistrate Judge that the police officers did, in fact, see some illegal drugs, in plain view, on the table from their location at the front door. Both deputies testified that they saw powder cocaine on the table. Whether they also saw "cookies" of crack cocaine and/or marijuana is unclear. This Court agrees with the Magistrate Judge's findings and finds that the government has borne its burden of proving the "plain view" exception to the search warrant requirement. The deputies were standing in a place where they had a right to be (the open door of the house arresting the defendant, Boutte), and they saw, in plain view, illegal drugs. That is all that is required for the government to prove a valid "plain view" exception to the search warrant requirement. Accordingly, this Court holds the deputies entry into the house to seize the drugs on the table was constitutionally permissible.

(3) After arresting Boutte, the deputies conducted what they characterized as a "protective sweep" of the remainder of the house, looking for other persons who might be present. While doing this "sweep," the deputies did not find anyone else in

the house, but did find various other items of evidence, including scales, implements for "cooking" "cookies" of crack cocaine, and a rifle loaded with ammunition clips. The deputies were quite candid in admitting that they did these "sweeps" on all arrests, on all warrants regardless of what information they may, or may not, have, on whether or not other person might be in the house. The Magistrate Judge found that it is clear that the deputies, like they routinely did, searched this house without drawing any inferences, rational or otherwise, as to whether or not anyone else was present in the house. They simply did not care. This Court adopts the findings of the Magistrate Judge finding the "protective sweep" conducted by the deputies in this case does not meet the constitutional requirements for exigent searches, and therefore the items of evidence obtained as a result of the "protective sweep" cannot be admitted at trial on that basis.

(4) After Deputy Guy arrived at the residence and talked to deputies Eugene and Leblanc, Guy applied to Commissioner Frederick for a search warrant. The affidavit attached to the government's supplemental memorandum stated that, after securing defendant, "Fisher and Watley observed crack cocaine and marijuana on the table in plain view. After securing Oterrel Boutte, assisting deputies began a safety check of the residence, to ensure no additional persons were inside. While conducting this safetey check, and AK-47 assault rifle was observed by Deputy Lane LeBlanc." The Magistrate Judge found Deputy Guy acted in objective good faith in relying on the probable cause determination made by Commissioner Frederick. Whether or not Commissioner Frederick should have relied, in part, on evidence obtained during the "protective sweep" and whether or not he should have relied on the statements made to Deputy Guy by the bounty hunters is not an issue here. The affidavit at issue includes no allegation or

indication that Deputy Guy either lied to, or recklessly misled, Commissioner Frederick. The affidavit contained facts sufficient for Deputy Guy to objectively believe that probable cause existed to justify the issuance of the warrant. This Court adopts the findings of the Magistrate Judge holding Deputy Guy was entitled to rely on the warrant, issued by Commissioner Frederick, and all evidence seized as a result of the execution of the search warrant is admissible, including any evidence which had previously been disclosed during the "protective sweep," since any such evidence would have been located during the execution of the search warrant even if it had not been found during the protective sweep.

Because this Court concludes that the statement made by defendant Boutte to Deputy Guy was free and voluntary, and made after Deputy Guy advised the defendant of his rights under Miranda, the motion to suppess made by the defendant is DENIED.

Because this Court concludes that the evidence seized from the residence of the defendant pursuant to the search warrant issued by Commissioner Frederick, was seized based on the objective good faith reliance of Deputy Sheriff Guy on the validity of the search warrant issued by Commissioner Frederick, this Court finds that the exclusionary rule does not apply to the evidence seized form Boutte's residence. Therefore, the motion to suppress filed by the defendant, O'Terrell Boutte is DENIED.

Accordingly, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Magistrates decision is AFFFIRMED and adopted by this Court.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the ___16th___ day of October, 2008.

_____
**CHIEF JUDGE RICHART T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA**