UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 6:08-CR-00009-01 |
| VERSUS | JUDGE DRELL |
| O'TERRELL BOUTTE | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Defendant O'Terrell Boutte ("Boutte") filed a Motion for Concurrent and Coterminous Judgments pursuant to 18 U.S.C. § 3582 (Doc. 9), asking that his federal sentence for a firearms offense be made to run concurrently with his previously imposed state sentence. Because § 3582 does not afford Boutte relief and the case law he relies on has been overruled, his motion (Doc. 12) should be denied.

I. Background

In 2009, pursuant to guilty pleas on two counts, Boutte was convicted and sentenced to a total of 144 months for one count of possession with intent to distribute cocaine (21 U.S.C. § 841), and one count of possession of a firearm in furtherance of a drug trafficking offense (18 U.S.C. § 924(c)) (Doc. 70). The sentence was imposed to run concurrently with a previously imposed state sentence,[1] except that 5 years was to run consecutively to the state court sentence (Doc. 70).

In 2010, Boutte's federal sentences were amended pursuant to Fed. R. Cr. P. 35(b), on motion of the government (Docs. 83, 91). Boutte was resentenced to 96

---

[1] See State v. Boutte, 2010-0928 (La. App. 3d Cir. 3/9/11), 58 So.3d 624, writ den., 2011-KO-0689 (La. 10/7/11), 71 So.3d 314 (Boutte was sentenced to 20 years as a habitual offender).

months on the conviction for possession with intent to distribute cocaine, and 36 months for his conviction for possession of a firearm in furtherance of a drug trafficking crime (Doc. 91).  The sentence of 96 months was imposed to run concurrently with a previously imposed state sentence (Doc. 91).  However, the 36-month sentence was imposed to run consecutive to the state court sentence and to the 96 month sentence.

In 2014, Boutte's sentence on his federal drug offense was reduced pursuant to 18 U.S.C. § 3582(c)(2), because the applicable guideline sentencing range had been subsequently lowered and made retroactively applicable (Doc. 94).  Boutte's 96-month sentence on the conviction for possession with intent to distribute cocaine was reduced to 63 months (Doc. 94), again to run concurrently with the previously imposed state sentence (Doc. 95).  The Court reiterated that the 36-month sentence imposed on the other count was unaffected by the change in the guideline range and was still to run consecutively to both the 63 month sentence and the state sentence (Docs. 94, 95).

In his current Motion for Concurrent and Coterminous Judgments, Boutte asks this Court to modify his sentence to impose the 36-month sentence (for firearms use) to run concurrently with the state court sentence (Doc. 97).[2]

II.  Law and Analysis

Boutte cites 18 U.S.C. § 3582 in his motion.  However, § 3582 does not allow for modification of sentence.

---

[2] Boutte does not ask to have the 36 month sentence run concurrent with the 63 month federal sentence.

A district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(c). See United States v. Battaglini, 62 Fed. Appx. 557, *1 (5th Cir. 2003) (citing U.S. v. Bridges, 116 F. 3d 1110, 1112 (5th Cir. 1997)). In summary, a court may modify a term of imprisonment after it has been imposed: (1) upon motion of the Director of the Bureau of Prisons; (2) pursuant to Fed. R. Cr. P. rule 35; or (3) if the applicable sentencing guideline range has been lowered and made retroactive. See 18 U.S.C. § 3582(c); see also Bridges, 116 F. 3d at 1112. Rule 35 provides for modification of a sentence: (1) due to clear error (within 14 days of sentencing); or (2) upon the government's motion for reduction due to substantial assistance from the defendant.

None of the conditions for granting relief under § 3582(c), including those applicable under Fed. R. Cr. P. 35, are present in this case.

It is further noted that the decision relied on by Boutte, U.S. v. Gonzales, 65 F.3d 814 (10th Cir. 1995), was vacated by the United States Supreme Court at 520 U.S. 1 (1997). The Supreme Court held a federal district court cannot direct that a term of imprisonment imposed under 18 U.S.C. § 924(c) be served concurrently with any other term of imprisonment, whether state or federal.

Therefore, Boutte's motion to modify sentence should be denied.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Boutte's Motion for Concurrent and Coterminous Judgments (Doc. 97) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of March, 2018.

                                                                _____
                                                                Joseph H.L. Perez-Montes
                                                                United States Magistrate Judge